## WINSTON JONES ET AL. *v.* J. C. McQUIEN.

1. ASSIGNMENT FOR CREDITORS. *Whether general or partial. Intent.*

    Whether an assignment for creditors is general or partial is to be deter-
    mined by its terms. An assignment which, without purporting to em-
    brace all the assignor's property, conveys his stock of merchandise in a
    designated store, together with the notes and books of account pertain-
    ing thereto, is partial, regardless of what the grantor thought or in-
    tended.

2. PARTIAL ASSIGNMENT. *Fraud. Evidence of things omitted.*

    A partial assignment acts only on the property embraced in it. Therefore,
    on the issue whether such partial assignment is fraudulent as to credit-
    ors, evidence that certain property of the grantor was not included, is
    immaterial.

3. SAME. *Fraud. Evidence aliunde. Fictitious debt. Payment.*

    An assignment, good on its face, is not rendered fraudulent merely because,
    after signing, but before delivery thereof, a debt preferred in it was paid,
    it appearing that the assignor, without altering the instrument, delivered
    it, together with the note, to the assignee, informing him of the facts and
    instructing him to disregard the provision for the payment of the note.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

On January 8, 1890, A. M. Stoner, a merchant in Macon,.
Miss., conveyed to J. C. McQuien, as assignee, for the benefit
of creditors, certain property, described in the assignment.
as follows: " My entire stock of goods, wares and general
merchandise in the store-house I now occupy in the Bush
Block, in the town of Macon, in said county and state, to-
gether with all store-furniture, safe now used in and about
said store. And also all notes and accounts and books per-
taining thereto." Certain debts were preferred. Immedi-
ately after the execution of the assignment, the appellants,
Winston Jones & Co., unpreferred creditors of Stoner, sued

out this attachment, and caused the stock of merchandise to be levied upon. The assignee, McQuien, interposed a claim, and gave bond for the property. The trial of the attachment issue resulted in a verdict in favor of plaintiffs, who also recovered a judgment against defendant for the amount due them. At a subsequent term, the claimant's issue was tried, resulting in a verdict and judgment for claimant, and after the motion for new trial was overruled, plaintiffs appealed.

Much evidence was introduced by plaintiffs in the effort to show that the assignor owned certain real and personal property, which he had not conveyed in the assignment, but which he had conveyed to others by transfers alleged to be colorable. It was shown that the assignment was prepared by an attorney and signed by the assignor on the day preceding its delivery to the assignee. Among the debts preferred in the assignment was one for $500 to E. S. Ford, evidenced by a promissory note for that amount, and on which the wife of the assignor was surety. The assignment directed the assignee to pay this debt, giving it priority along with certain others listed in the assignment. After the assignment was prepared and signed, but before its delivery, Ford, the creditor, who was importunate in his demand for payment, succeeded in collecting from Mrs. Stoner, the surety, a part of his debt, and Stoner, under the advice of his attorney, paid the balance and took the note, which, with the assignment, he delivered to the assignee. At the same time he explained to the assignee the facts, and directed him to disregard the provision in the assignment as to the payment of that debt. However, the assignment was not rewritten or in any manner altered, the attorney having advised that this was not necessary. This, it was contended by plaintiff, rendered the assignment fraudulent as to creditors, in that it directed the payment of a fictitious debt. The foregoing statement sufficiently illustrates the only two questions specifically noticed in the opinion.

*A. C. Bogle,* for appellants.

1. It is clearly shown that the note to Ford had been paid in full before the assignment was executed. The assignment took effect only from the day of its delivery. It matters not when it was prepared. Burrill on Assignments, § 296. The insertion of this fictitious debt rendered the assignment fraudulent as to creditors. *Harmon* v. *Hoskins,* 56 Miss., 142; *Baum* v. *Pearce,* 67 *Ib.,* 700; *Marks* v. *Bradley,* 69 *Ib.,* 1. It would be a dangerous precedent to hold that a debtor could insert a fictitious claim in an assignment, and be allowed, after its discovery, to say that he did not intend that the assignee should pay it. If creditors failed to discover the fictitious debt, it would be so much gained for the assignor. We can find no authority in support of the position taken by claimant.

2. It was shown that the assignor owned personal property which he failed to deliver to his assignee, and which he pretended to give his wife. Such a reservation amounted, of itself, to fraud. *Baum* v. *Pearce, supra; Montgomery* v. *Goodbar,* 69 Miss., 333. Although the assignment does not, in express terms, convey all the assignor's property, he claimed to be making a general assignment, and testified that such was his intent and purpose. This rendered it a general assignment. Burrill on Assignments, § 122. Accordingly, any reservation by the assignor for his own benefit would render the deed fraudulent as to creditors.

*Orr & Dinsmore,* for appellee.

The facts as to the Ford debt strengthened the integrity of the assignment. It is impossible to conceive how any creditor was hurt by the transaction. Had there been no payment, the assignee would have been bound to pay the whole debt out of the assets. The preferred debts directed to be paid were diminished by the use of the surety's money, and it is a contradiction of terms to hold that an act thus beneficial to creditors is a fraud on their rights. We con-

cede that a provision for the payment of a spurious debt will invalidate an assignment. That would be actual fraud. *Marks* v. *Bradley*, 69 Miss., 1, is not applicable to the facts of this case.

Argued orally by *A. C. Bogle*, for appellants, and *J. A. Orr*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

Whatever was thought or intended by Stoner, the maker, as to the character of the assignment, it is to be judged of by its terms, and it is only a partial assignment, operating on the specific things enumerated in it, and therefore the contest about things left out was aside from the real ground of controversy.

The only real question in the case is as to the note for $500 to Ford, mentioned in the assignment as a preferred debt to be paid, but which was paid before the delivery of the assignment, and was handed to the assignee with the assignment, accompanied by an express declaration that it had been paid and extinguished, and was not to be regarded by him as among the debts to be paid. The instrument is good on its face. The facts about the Ford note appear *aliunde*, and, as shown, do not annul the assignment. The facts accepted as true, as they were, exclude all idea of harm to creditors from the mere failure to redraw the paper after payment of the Ford note or to draw lines across the part relating to it in the assignment.

*Affirmed.*